UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VERA SCHMIT | CIVIL ACTION |
| VERSUS | NO. 07-5050 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "C" (3) |

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiff. The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns unpaid Katrina-related losses allegedly covered under a rental dwelling policy issued by the defendant. This matter was removed on the basis of jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369 and § 1441(e)(1) ("MMTJA") and diversity. The Court has previously ruled that the MMTJA does not apply in Hurricane Katrina cases under these circumstances. Case v. ANPAC Louisiana Insurance Co., 466 F.Supp.2d 781 (E.D. La. 2006); Fidelity Homestead Assn. v. Hanover Insurance Co., 458 F.Supp.2d 276 (E.D.La. 2006);. Therefore, removal under the MMTJA is improper.

With regard to the existence of the jurisdictional minimum, the parties may

neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists.  Id.   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

      The defendant has not met their burden that the jurisdictional amount is facially

apparent for present purposes. The defendant assumes a minimal loss rent of $6,000 to reach a figure of $71,399.00 remaining at issue under the policy after the payment of $9,709.00 has been considered.[1] No basis for the assumed rent has been provided.

The plaintiff states that the contractor estimates and loss documentation do not exceed $75,000.00. Although the petition contains a claim under the Louisiana Unfair Trade Practices Act, La. Rev. Stat. § 1401 *et seq.,* the plaintiff states that the allegations do not provide the basis for an award of treble damages.[2] The plaintiff also stipulates that she is not seeking damages in excess of $75,000.00. The Court also recognizes that this stipulation may not be "binding" for purposes of La. Code Civ. P. art. 862 under the reasoning in Crosby v. Lassen Canyon Nursery, Inc., 2003 WL 22533617 (E.D.La.)(J. Vance). The stipulation is, however, strong evidence of the jurisdictional amount for present purposes. Under these circumstances, the Court finds that the defendant has not made a showing "sufficiently particularized" to meet its burden.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100

---

[1] A figure of $77,399.00 was mistakenly stated in the defendant's memorandum. (Rec. Doc. 6, p. 2).

[2] The Court does not pass upon the viability of any claim under the LUTPA for failure to pay under a homeowner's policy.

(1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that the plaintiff's motion to remand is GRANTED.  (Rec. Doc. 8).  This matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 16th day of October, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE